**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4765**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHIRLEY A. MCDONALD,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-04-20-F)

─────────────

Submitted:  June 30, 2005                 Decided:  July 29, 2005

─────────────

Before LUTTIG, TRAXLER, and SHEDD, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Windy C. Venable, Writing and Research Attorney, Raleigh, North Carolina, for Appellant. John Stuart Bruce, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shirley A. McDonald pleaded guilty to conspiracy to defraud the Internal Revenue Service, in violation of 18 U.S.C. § 286 (2000), and was sentenced to thirty-seven months in prison. On appeal, she claims that her sentence violates United States v. Booker, 125 S. 738 (2005). The United States moves to dismiss based on McDonald's waiver of her right to appeal her sentence. Because we find that the waiver was knowing and voluntary and because the issue McDonald seeks to raise on appeal lies within the scope of her waiver, we grant the motion and dismiss the appeal.

In her plea agreement, McDonald agreed:

> 9. To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing, . . . excepting an appeal . . . based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

(J.A. 17).

At McDonald's Fed. R. Crim. P. 11 proceeding, the district court ascertained that McDonald had read the indictment, had discussed her case with her lawyer, was satisfied with her attorney's services, and understood the rights she was waiving by pleading guilty. McDonald was fifty years old, a college graduate,

- 2 -

and not under the influence of drugs or alcohol.  McDonald was informed of the maximum possible penalty for the offense and the applicability of the sentencing guidelines.  She stated that she was guilty of the offense and was pleading guilty voluntarily.  The district court inquired whether McDonald understood the terms of her appeal waiver; McDonald replied that she did.  The court found that the plea was freely and intelligently made and accepted it.

McDonald's presentence report recommended a base offense level of six.  Eight levels were added for amount of loss and four levels were added for McDonald's role in the offense.  With an adjusted offense level of 18 and a criminal history category of III, the resulting guideline range was 33-41 months.  The maximum term of imprisonment to which she was statutorily subject was ten years.  See 18 U.S.C. § 286.  The district court adopted the findings in the presentence report and sentenced her to thirty-seven months in prison.

McDonald contends that the district court violated Booker when it enhanced her sentence by determining amount of loss and her role in the offense.  However, we recently held in United States v. Blick, 408 F.3d 162 (4th Cir. 2005), that a waiver-of-appellate-rights provision in a plea agreement is enforceable in the face of a Booker violation if the waiver was knowing and intelligent and if the issues raised by the defendant lie within the scope of the waiver.  Id. at 169.

Under <u>Blick</u>, we conclude first that McDonald's waiver was knowing and intelligent. She was fifty years old, a college graduate, and not under the influence of drugs or alcohol when she entered her plea. She had read the indictment, had consulted with an attorney, and was satisfied with her lawyer's services. The terms of the appellate waiver were clearly set forth both in the plea agreement and at the Rule 11 proceeding, where they were specifically discussed.

Having concluded that the waiver was knowing and intelligent, we next consider whether the issue raised on appeal lies within the scope of the waiver. McDonald waived "whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range." On appeal, she objects to the district court's determination of amount of loss and role in the offense under the guidelines—matters that plainly relate to the establishment of McDonald's guideline range. Under <u>Blick</u>, this issue is waived.

We therefore grant the United States' motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>